The opinion of the court was delivered by
Duncan, J,
(after stating the facts.) On this statement of facts, James’s right, it is contended, was barred by the statute of limitations. The court decided, that the statute operated against a tenant in common, if his co-tenant has sold the whole, and possession has beeen taken of the whole, and held adversely to him for twenty-one years, in pursuance of such sale. The possession here was for twenty-five years, in denial of the right of the other; for the sale of the whole, and the possession under such sale, would amount to an ouster. The purchaser who came into possession in 1800, came into possession under a title adverse. Motzer could never be considered as a co-tenant, and as the bailiff and receiver of James Brown; and, as such, accountable for the profits, in an action of account render. He never entered as a tenant in common; and the charge of the court was altogether correct, for this was one entire tract of land, to which there was no adverse claim, and therefore the actual possession was co-extensive with the claim. That was the only right, and the possession, there being no adverse title, was according to that right. There ought not, consequently, to be made any deduction on account of James’s supposed outstanding title. Jackson ex dem. Preston v. Smith, 13 Johns. Possession of land by a purchaser, under a deed of an entire lot, is adverse to the rightful owner, though tenant in common with the grantor.
It is next objected, that Nancy Brown’s title is still outstanding. What has been said with respect to James’s right applies to hers. The case of Nancy Brown is much stronger, for there is a conveyance, of twenty-five yéars’ standing, reciting, that she had conveyed to George and William Brown; and it is very unsound reasoning-, to contend, that the purchaser is bound by that, as an estoppel, to deny her right; so far from that, the presumption is, such conveyance actually existed. It was but an improvement *359 right, abandoned for more than thirty years. A patent from the land office, of twenty-five years; such a recital, accompanied with possession, to support it — and such dereliction of the incipient right, 4 Binn. 231, is some evidence, to account for the abandonment; which of itself, unaccounted for by infancy or coverture, would at least be sufficient, in a case like this, where the party himself does not even now set up a claim, and where this stale claim is ferreted out by a third person, to prevent the recovery of the purchase money of the lapd, which he continues to enjoy, undisturbed.
Thus we have disposed of the first, fourth, and fifth specifications of error.
The second and third are in fact the same. I cannot assent to the doctrine of the Court of Common Pleas, that, where the husband conveys without his wife’s joining, that the statute of limitations runs during the coverture. If the entry and possession had been adverse to the husband’s right, and his right of entry had been barred by the statute of limitations, the widow’s dower would, have been barred. Our act of limitations comprehends, as well all possessory actions, as all real actions; but here, the entry'was not adverse to the right of the husband. All was a continuation of the same inheritance; and, therefore, the statute would not begin to run, until the death of the husband; as, if the husband levy a fine of his land, with proclamations, and die, his wife is bound to make her claim within five years after Ais death; otherwise, she shall be debarred of her dower; for her estate was not consummate at the time of the fine levied, or until her husband’s'death. The fine begins to work presently after the death of the husband. 8 Inst. 216. 2 Co. 93. 10 Co. 49, 99. Hob. 265. So here, the statute of limitations begins to work at the death of the husband. But, where the husband’s right is barred by an adverse possession, there the possession for twenty-one years gives a title to the adverse possessor. And, where one enters under the right of the husband, the wife’s right being created by the marriage and seisin, the seisin is not so disturbed, as to make it adverse to the widow’s right of dower, until the right is consummated by the husband’s death, when the right of action first accrues. The limitation act, of the 26th of March, 1785, is so comprehensive in its terms — “Nor shall any p'erson have or maintain any writ of right, or any other real or possessory writ or action,” — that I cannot doubt of the intention of the legislature, to provide against every action, and every right of entry, where there had not been a seisin within twenty-one years next before such writ, where the possession had been taken and continued under an adverse right; for the fee is acquired by such adverse possession, and becomes a title paramount to the husband’s. But the law is different, where the tenant holds by conveyance from the husband; for the rule of possession is, that, where a person eomes to the possession of1 land by his own agreement, and holds *360 that possession, he, and all those claiming under him, must hold it according to the right of that possession, and cannot qualify it by any other right.
So small an interest as the widow of George Brown would have in the premises, and who is represented as a frail woman, of seventy years of age, would not, perhaps, go for much in the estimation of any jury; and when it is to be supposed, that this old lady never imagined she had any such right; or if she did, that it was so insignificant, as not to be worth her pursuit, makes it a subject of regret with the court, to reverse this judgment; as they cannot but say, that it is a matter seized hold of as an expedient to delay the recovery of a just debt. But, small as it is, the Court of Common Pleas fell into error, by not distinguishing a possession under a claim adverse to the husband’s title, which twenty-one years’ possession would make a title paramount, from a possession held by a conveyance under the husband’s right — which was a continuation of the same inheritance, from which the widow claimed her dower; and it is for this error alone the judgment is reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.